(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION
NO. 10 00740

David H. Dew, II, *Plaintiff(s)*

v.

Amish Jani, Alan Freudenstein, *Defendant(s)*
Jim Schubauer

### SUMMONS

To the above-named Defendant: Amish Jani

You are hereby summoned and required to serve upon Adam P. Whitney, Esq., plaintiff's attorney, whose address is 730 Hancock St., Quincy MA, 02170 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, **BARBARA J. ROUSE, Esquire**, at Dedham the 20th day of April, in the year of our Lord two thousand and ten.

_____ Clerk.

NOTES:
1. This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on .................................., 20      , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

................................................................................................................................

................................................................................................................................

................................................................................................................................

Dated:                    , 20            ................................................................

N.B. TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

| , 20   |
|---|

COMMONWEALTH OF MASSACHUSETTS
NORFOLK, ss.
SUPERIOR COURT
CIVIL ACTION
NO. 10 00740

David H. Dew, II.................., *Plaintiff*

v.

Amish Jani, Alan Freudenstein, Jim Schubauer, *Defendant*

SUMMONS
(Mass. R. Civ. P.4)

| CIVIL ACTION COVER SHEET | DOCKET NO. (S) | Trial Court of Massachusetts Superior Court Department County: Norfolk |
|---|---|---|
| PLAINTIFF(S)<br>David H. Dew, II | | DEFENDANT(S)<br>Amish Jani, Alan Freudenstein, and Jim Schubauer |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Andrew C. Oatway, Adam P. Whitney, Morisi & Oatway, P.C., 730 Hancock Street, Quincy, MA 02170 617-479-0400<br>Board of Bar Overseers number: 561885, 637777 | | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup. Ct. C.231, s. 104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup. Ct. C.231, s. 102C (X)
- [ ] 4. F04 District Court Appeal c.231. s. 97 & 104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass. R. Civ. P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A01 | Breach of Contract | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses..................................................... $ _____
  2. Total Doctor expenses..................................................... $ _____
  3. Total chiropractic expenses............................................. $ _____
  4. Total physical therapy expenses...................................... $ _____
  5. Total other expenses (describe):...................................... $ _____
        Subtotal $ 0.00
B. Documented lost wages and compensation to date................ $ _____
C. Documented property damages to date................................... $ _____
D. Reasonably anticipated future medical and hospital expenses.. $ _____
E. Reasonably anticipated lost wages........................................... $ _____
F. Other documented items of damages (describe)
        $ _____
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

        $ _____
        TOTAL $ 0.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
Plaintiff has suffered damages concerning the nonpayment of wages to the plaintiff in violation of G.L.c. 149 ss 148-150, and asserts claims for unjust enrichment, breach of contract, and breach of convenant of good faith and fair dealing.

        TOTAL $ 115,000.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

" I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 4/29/10

AOTO-6 mtc005-11/99
A.O.S.O 1-2000

# CIVIL ACTION COVER SHEET
## INSTRUCTIONS

## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### CONTRACT
| | | |
|---|---|---|
| A01 | Services, labor and materials | (F) |
| A02 | Goods sold and delivered | (F) |
| A03 | Commercial Paper | (F) |
| A08 | Sale or lease of real estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |

### TORT
| | | |
|---|---|---|
| B03 | Motor Vehicle negligence- personal injury/property damage | (F) |
| B04 | Other negligence-personal injury/property damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice-medical | (A) |
| B07 | Malpractice-other (Specify) | (A) |
| B08 | Wrongful death, G. L. c. 229. s2A | (A) |
| B15 | Defamation (Libel-Slander) | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury-Slip & Fall | (F) |
| B21 | Environmental | (A) |
| B22 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |

### REAL PROPERTY
| | | |
|---|---|---|
| C01 | Land taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L. c. 40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of mortgage | (X) |
| C05 | Condominium lien and charges | (X) |
| C99 | Other (Specify) | (F) |

### EQUITABLE REMEDIES
| | | |
|---|---|---|
| D01 | Specific performance of contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L. c. 231A | (A) |
| D99 | Other - (Specify) | (F) |

### MISCELLANEOUS
| | | |
|---|---|---|
| E02 | Appeal from administrative Agency G.L. c. 30A | (X) |
| E03 | Action against Commonwealth Municipality, G.L. c. 258 | (A) |
| E05 | All Arbitration | (X) |
| E07 | c. 112,s. 12S (Mary Moe) | (X) |
| E08 | Appointment of Receiver | (X) |
| E09 | General contractor bond, G.L. c. 149,s.29,29a | (A) |
| E11 | Workman's Compensation | (X) |
| E14 | Chapter 123A Petition-SDP | (X) |
| E15 | Abuse Petition, G.L. c. 209A | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L. c. 12, s. 11H | (A) |
| E18 | Foreign Discovery proceeding | (X) |
| E96 | Prisoner Cases | (F) |
| E97 | Prisoner Habeas Corpus | (X) |
| E99 | Other (Specify) | (X) |

## TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☐ Yes  ☐ No |

## SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

### A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.

### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| NORFOLK, ss. | SUPERIOR COURT<br>C.A. NO. |
| DAVID H. DEW, II<br>*Plaintiff*<br>vs.<br><br>AMISH JANI, ALAN FREUDENSTEIN,<br>JIM SCHUBAUER<br>*Defendants.* | COMPLAINT |

A.   INTRODUCTORY STATEMENT

This case concerns the nonpayment of wages to the plaintiff in violation of G.L. c. 149, §148-150.

B.   PARTIES

1. The plaintiff, David H. Dew, II ("Dew") is an individual that resides in Wellesley, Norfolk County, Massachusetts.

2. The defendant Amish Jani ("Jani") is an individual with a business address of 1221 Avenue of the Americas, 26th Floor, New York, New York 10020. Mr. Jani was, for all relevant times, a member of the Board of Directors for COPAN Systems, Inc. ("COPAN").

3. Jurisdiction over Jani is appropriate under G.L. c. 223A based on his:

    a. transacting business in this commonwealth;

    b. contracting to supply services or things in this commonwealth;

    c. causing tortious injury by an act or omission in this commonwealth;

    d. causing tortious injury in this commonwealth by an act or omission outside this commonwealth if they regularly does or solicits business, or engages in any other

1

persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth.

4. The defendant Alan Freudenstein ("Freudenstein") is an individual with a business address of Eleven Madison Avenue, New York, New York 10010. Mr. Freudenstein was, for all relevant times, a member of the Board of Directors for COPAN Systems, Inc. ("COPAN").

5. Jurisdiction over Freudenstein is appropriate under G.L. c. 223A based on his:

   e. transacting business in this commonwealth;

   f. contracting to supply services or things in this commonwealth;

   g. causing tortious injury by an act or omission in this commonwealth;

   h. causing tortious injury in this commonwealth by an act or omission outside this commonwealth if they regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth.

6. The defendant Jim Schubauer ("Schubauer") is an individual with a business address of 100 Motor Parkway, Suite 165, Hauppauge, New York 11788. Mr. Schubauer was, for all relevant times, a member of the Board of Directors for COPAN Systems, Inc. ("COPAN").

7. Jurisdiction over Schubauer is appropriate under G.L. c. 223A based on his:

   i. transacting business in this commonwealth;

   j. contracting to supply services or things in this commonwealth;

   k. causing tortious injury by an act or omission in this commonwealth;

   l. causing tortious injury in this commonwealth by an act or omission outside this commonwealth if they regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or

consumed or services rendered, in this commonwealth.

### C.  FACTUAL ALLEGATIONS AND COUNTS

4. Dew was hired as Vice President of Software Development by COPAN on or about November 30, 2007 and commenced employment on January 1, 2008.

5. At the time, Dew was employed by Sun Microsystems with an annual compensation package of $250,000.00.

6. COPAN agreed to match this package and structured Dew's compensation package to consist of an annual base salary of $190,000.00 and additional compensation referred to as an MBO (management by objective) of $60,000.00 annually, to be paid quarterly.

7. Dew has consistently satisfied the goals established for measuring eligibility for his MBO payments.

8. In the first quarter of his employment, COPAN paid Dew $12,500.00 of his $15,000.00 MBO payment.

9. Since the first quarter of his employment, COPAN has failed to make the MBO payments; although there is no question they have been earned.

10. In fact, Mr. Dew's duties and responsibilities greatly expanded after his hiring.

11. COPAN owes Mr. Dew the following MBO payments: $47,500.00 for 2008; $60,000.00 for 2009; and $7,500.00 through February 15, 2010.

12. Mr. Dew has made repeated requests for his MBO payments.

13. At one point, Mr. Dew was promised that he would receive his payment as part of a financing transaction.

14. The financing transaction closed but the MBO payments were not made to Mr. Dew.

## COUNT I - VIOLATION G.L. c. 149, §§. 148-150 et seq.

15. The plaintiff realleges and incorporates by reference the above allegations as if they were set forth herein.

16. The MBO payments are definitely determinable, due and payable.

17. The defendants' failure to pay amounts owed constitutes a violation of G.L. c. 149, §§ 148-150 et seq.

18. Dew has been damaged by the defendants' violations of Chapter 149.

19. The violations of Chapter 149 were done knowingly, with evil motive, and/or with reckless indifference to the rights of Dew.

20. Dew has complied with the pre-suit requirements of Chapter 149 by filing a Nonpayment of Wage Complaint with the Attorney General of the Commonwealth of Massachusetts.

21. The Attorney General has authorized Dew to file immediate suit against the defendants. A copy of the letter to this effect is attached hereto as Exhibit A.

22. Jani, Freudenstein and Shubauer were, at all relevant times, acting as agents and managers of COPAN and were running COPAN.

23. Jani, Freudenstein and Schubauer, were in charge of Dew's compensation.

24. Accordingly, Jani, Freudenstein and Shubauer are deemed to be Dew's employer and are personally liable under the statute.

25. Dew is entitled to recover lost wages, attorneys' fees, costs, treble damages and interest.

## COUNT II - UNJUST ENRICHMENT/QUANTUM MERUIT

26. The plaintiff realleges and incorporates by reference the above allegations as if they were set forth herein.

27. For failing to pay sums due, the defendants have been unjustly enriched.

## COUNT III - BREACH OF CONTRACT

28. The plaintiff realleges and incorporates by reference the above allegations as if they were set forth herein.

29. Dew had an express or implied contract with the defendants to be paid in accordance with the law and the agreements and course of dealing with the defendants.

30. The defendants' breached their express or implied contract and Dew was thereby damaged.

## COUNT IV - BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

31. The plaintiff realleges and incorporates by reference the above allegations as if they were set forth herein.

32. The defendants breached the covenant of good faith and fair dealing owed to Dew by failing to pay him what was owed and by the other facts set forth above.

### D. PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff David H. Dew, II prays that this Court enter relief for him against the defendants as follows:

1. Judgment for the full amount of plaintiff's damages including interest at the statutory rate of 12% per annum and costs;

2. Treble damages for the violations set forth in Count I.

3. Attorneys' fees and costs.

4. For such other and further relief as this Court deems just and proper.

### F. JURY DEMAND

The plaintiff hereby demands a trial by jury for all counts so triable.

*Appearing for the Plaintiff,*
DAVID H DEW, II,

MORISI & OATWAY, P.C.

DATED: 4/20/10

_____
Andrew C. Oatway BBO #561885
aco@morisi.com
Adam P. Whitney BBO #637777
apw@morisi.com
MORISI & OATWAY, P.C.
730 Hancock Street
Quincy, MA 02170-2723
Tel   617.479.0400
Fax   617.479.6885

6

# EXHIBIT A



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108

MARTHA COAKLEY
ATTORNEY GENERAL

(617) 727-2200
www.mass.gov/ago

February 16, 2010



FEB 17 2010

Andrew C. Oatway
Morisi & Oatway, P.C.
730 Hancock Street
Quincy, MA 02170-2723

Re: Private Right of Action -- David Dew

**Authorizing for Immediate Private Suit - COPAN Systems, Inc. and Amish Jani, Alan Freudenstein and Jim Schubauer**

Dear Atty. Oatway:

Thank you for contacting the Office of the Attorney General's Fair Labor Division.

This letter is to inform you that we have carefully reviewed your complaint and have determined that the proper resolution of this matter may be through a private suit in civil court. Accordingly, we are authorizing you to pursue this matter through a civil lawsuit immediately.

Massachusetts General Laws, chapter 149, sec. 150, and chapter 151, secs. 1B and 20 establish a private right of action for employees who believe they are victims of certain violations of the state wage laws. If you elect to sue in civil court, you may bring an action on your own behalf and others similarly situated, and you may obtain injunctive relief, treble damages for any loss or wages and other benefits, as well as the costs of litigation and reasonable attorneys' fees.

Without making a judgment on the merits of your complaint, this correspondence represents this office's written assent to sue and grants you the authority to pursue this matter against your employers immediately, as permitted by Massachusetts General Laws chapters 149 and 151. This office will not take further enforcement action at this time.

Thank you for your attention to this matter.

Sincerely,

Bruce Trager
Assistant Attorney General
Fair Labor Division
617-963-2336

BT/mm

Commonwealth of Massachusetts
County of Norfolk
The Superior Court

CIVIL DOCKET # NOCV2010-00740-B
Courtroom CtRm 3

RE: Dew II v Jani et al
TO:
Andrew C Oatway, Esquire
Morisi & Oatway
730 Hancock Street
Quincy, MA 02170-2723



RECEIVED APR 22 2010

## SCHEDULING ORDER FOR F TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue 02/11/2012.

### STAGES OF LITIGATION — DEADLINES

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | 07/21/2010 | 07/21/2010 | |
| Response to the complaint filed (also see MRCP 12) | | 08/20/2010 | |
| All motions under MRCP 12, 19, and 20 | 08/20/2010 | 09/19/2010 | 10/19/2010 |
| All motions under MRCP 15 | 08/20/2010 | 09/19/2010 | 10/19/2010 |
| All discovery requests and depositions served and non-expert depositions completed | 02/16/2011 | | |
| All motions under MRCP 56 | 03/18/2011 | 04/17/2011 | |
| Final pre-trial conference held and/or firm trial date set | | | 08/15/2011 |
| Case shall be resolved and judgment shall issue by 02/11/2012 | | | 02/11/2012 |

- The final pre-trial deadline is <u>not the scheduled date of the conference</u>.
- You will be notified of that date at a later time.
- Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

Dated: 04/22/2010

Telephone: (781) 326-1600

Walter F. Timilty
Clerk of the Court

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130 --Check website as to status of case: http://ma-trialcourts.org/tcic  1001143 notsent fostervi